1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WATER & SANITATION HEALTH, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHIQUITA BRANDS INTERNATIONAL, INC., <br><br> Defendant. | CASE NO. C14-10 RAJ <br><br> ORDER |

## I. INTRODUCTION

This matter comes before the court on defendant Chiquita Brands International, Inc.'s motion to dismiss. Dkt. # 7. Plaintiff Water and Sanitation Health, Inc. alleges claims for (1) unjust enrichment, (2) unfair and deceptive business practices under the Consumer Protection Act ("CPA"), (3) breach of contract, (4) breach of implied or express warranties, (5) negligent misrepresentation, and (6) declaratory and injunctive relief. Dkt. # 1-1. Plaintiff does not oppose dismissal of its breach of contract and breach of implied warranties claims. Dkt. # 11 at 5 n.1. Accordingly, the court DISMISSES plaintiff's breach of contract and implied warranty claims.

Having reviewed the memoranda and complaint, the court GRANTS in part and DENIES in part defendant's motion.[1]

## II. BACKGROUND

Defendant is one of the world's largest producer and marketer of fruits and vegetables. Dkt. # 1-1 (Compl.) ¶ 2. Defendant purchases millions of pounds of bananas per year, including from a company named COBIGUA in Guatemala. *Id.* ¶¶ 4-5. Defendant made a number of web-based marketing representations regarding its environmentally safe business practices, including, among others, that it protects water sources by reforesting all affected natural watercourses, using solid waste traps at all packaging stations to keep rivers and streams clean, and planting cover crops in all drainage ditches of banana farms rather than allowing chemical weed control. Dkt. # 1-1 ¶¶ 38, 43.

Plaintiff is a non-profit organization dedicated to providing sustainable clean-water systems to people in impoverished villages around the world. *Id.* at 5:2-3. Plaintiff avoids purchasing food products from companies that destroy clean-water systems in impoverished villages. *Id.* at 5:3-5. Plaintiff relied on defendant's web-based marketing and representations regarding environmentally safe practices before purchasing bananas bearing defendant's labels. *Id.* ¶¶ 54-56. Plaintiff later learned that the community in which COBIGUA produced Chiquita bananas had chemicals contaminating the drinking water from large scale, mono-culture banana production. *Id.* ¶¶ 60-62. Had plaintiff known that defendant's representations regarding environmentally safe practices were false or misleading and contrary to its mission, they would not have purchased the Chiquita bananas. *Id.* ¶¶ 65-66.

---

[1] Neither party has requested oral argument, and the court finds that this matter may be decided on the papers submitted.

Plaintiff's law suit arises out of defendant's allegedly false or misleading marketing and advertising regarding its environmentally safe practices.

### III. ANALYSIS

**A. Legal Standard**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff." *Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998). However, the complaint must indicate more than mere speculation of a right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B. Unjust Enrichment**

Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it. *Young v. Young*, 164 Wn. 2d 477, 484, 191 P.3d 1258 (Wn. 2008). To state a claim for unjust enrichment under Washington law, plaintiff must allege (1) a benefit conferred upon the defendant by the plaintiff (2) "an appreciation or knowledge by the defendant of the benefit[,]" and (3) the acceptance or retention by the defendant of the benefit under

such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value. *Id.*

Defendant argues that plaintiff's unjust enrichment claim should be dismissed because plaintiff fails to allege any facts demonstrating an "appreciation or knowledge" of any benefit conferred.[2] Dkt. # 7 at 6-7. Plaintiff argues that it "has alleged that it paid money to purchase Chiquita's bananas, and that Chiquita received at least part of that money as revenue." Dkt. # 11 at 14. Plaintiff also argues that it has alleged that "Chiquita acquired that benefit by making false representations of fact regarding the environmental circumstances under which its bananas are grown, 'circumstances [making] it inequitable for [Chiquita] to retain the benefit without the payment of value.'" *Id.*

However, plaintiff has not plausibly alleged any facts demonstrating that Chiquita had an appreciation or knowledge of the revenue from plaintiff's purchase. Accordingly, the court GRANTS defendant's motion with respect to plaintiff's unjust enrichment claim.

**C. CPA**

To state a CPA claim, the plaintiff must allege an (1) unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that impacts the public interest, (4) that injures plaintiff in her business or property, and (5) causation. *Klem v. Wn. Mut. Bank*, 176 Wn. 2d 771, 782, 295 P.3d 1179, 1185 (Wn. 2013).

Defendant argues that plaintiff's CPA claim fails because it fails to plausibly allege injury to business or property where it has only alleged speculative damages. Dkt. # 7 at 8. Plaintiff argues that its allegations are sufficient to allege injury where it would not have purchased the bananas had it known that Chiquita's representations were not

---

[2] Defendant does not challenge the sufficiency of pleading with respect to the other elements. The court has only addressed arguments challenging the sufficiency of pleading for the elements that defendant has challenged for this and other claims.

accurate or truthful. Dkt. # 11 at 9 (citing ¶¶ 53-58, 65 of Compl.). The court agrees with plaintiff.

Plaintiff alleges that it relied on defendant's online advertising regarding Chiquita's safe environmental practices when it purchased the bananas, and that it never would have purchased the bananas had it known that the environmental practices advertisement was false. Dkt. # 1-1 ¶¶ 50, 52, 53-59. Thus, plaintiff's alleged injury to its business or property is the cost of the bananas. Washington courts have found that plaintiffs may recover as injury to business or property the cost of goods and services that were purchased as a result of false or deceptive advertising. *See Panag v. Farmers Ins. Co. of Wn.*, 166 Wn. 2d 27, 64, 204 P.3d 885 (Wn. 2009) ("In cases of false advertising, out-of-pocket expenses are recoverable" as injury to business or property); *Williams v. Lifestyle Lift Holdings, Inc.*, 175 Wn. App. 62, 74, 302 P.3d 523 (Wn. Ct. App. 2013) (prima facie CPA claim alleged where jury could conclude that "deceptive business strategy caused" plaintiff to purchase plastic surgery, that "the cost of [plaintiff's] surgery was an injury to her business or property and that she is entitled to a refund, even if the surgery was competently performed and she was fully advised beforehand of the physical risks."). Accordingly, the court finds that plaintiff has plausibly alleged an injury to its business or property in alleging that its injury is the cost of the bananas purchased as a result of the allegedly false or deceptive advertising.

The court DENIES defendant's motion with respect to the CPA claim.

**D. Breach of Express Warranty**

"An express warranty is an affirmation of fact which may tend to induce the buyer to purchase, or a promise by the seller upon which the buyer relies when making the purchase." *McDonald Credit Serv., Inc. v. Church*, 49 Wn. 2d 400, 401, 301 P.2d 1082 (Wn. 1956) (emphasis omitted). Contractual privity is not required for a plaintiff to

benefit from express warranties in advertising. *Fortune View Condo. Ass'n v. Fortune Star Dev. Co.*, 151 Wn. 2d 534, 539 n.3, 90 P.3d 1062 (Wn. 2004).

Defendant argues that the complaint only speculates that the bananas purchased were grown in Guatemala, and that plaintiff's assertions create only the possibility that the bananas purchased were produced in Guatemala in an environmentally unsustainable manner. Dkt. # 7 at 5.

However, plaintiff's claim is not limited to the allegation that the Chiquita bananas purchased were produced in Guatemala, and such specificity is not necessary at this stage of the case. Rather, plaintiff also alleges that defendant represented that it protects water sources by reforesting <u>all</u> affected natural watercourses, using solid waste traps at <u>all</u> packaging stations to keep rivers and streams clean, and planting cover crops in <u>all</u> drainage ditches of banana farms rather than allowing chemical weed control. Dkt. # 1-1 ¶¶ 38, 43. Thus, defendant's representations included <u>all</u> plantations that produce Chiquita bananas, including the Guatemala plant that allegedly failed to adhere to safe environmental practices. Plaintiff also alleges that it relied on defendant's advertising representations of safe environmental practices in <u>all</u> facilities when it purchased the Chiquita-branded bananas, the representations were false with respect to a Guatemala site, and defendant breached its warranty because Chiquita's practices were not in accord with its representations of environmentally sustainable practices. *Id.* ¶¶ 38-46, 55-58, 60-66, 86.

The court finds that these allegations plausibly allege a claim for breach of express warranty. Accordingly, the motion to dismiss the breach of express warranty claim is DENIED.

**E. Negligent Misrepresentation**

Under Washington law, plaintiff must allege that (1) defendant supplied information for the guidance of others in their business transactions that was false, (2) the defendant knew or should have known that the information was supplied to guide the

plaintiff in his business transactions, (3) the defendant was negligent in obtaining or communicating the false information, (4) the plaintiff relied on the false information, (5) the plaintiff's reliance was reasonable, and (6) the false information proximately caused the plaintiff damages. *Ross v. Kirner*, 162 Wn. 2d 493, 499, 172 P.3d 701 (Wn. 2007).

Defendant only challenges the damages element and argues that plaintiff has failed to allege pecuniary loss. Dkt. # 7 at 7-8; Dkt. # 13 at 5. However, plaintiff has alleged that it spent money to purchase bananas that it would not have otherwise purchased if defendant's representations had been true. Dkt. # 1-1 ¶¶ 50, 52-59, 91.

These allegations are sufficient to plausibly allege the damages element. Accordingly, defendant's motion to dismiss the negligent misrepresentation claim is DENIED.

**F. Declaratory and Injunctive Relief**

Plaintiff's declaratory claim is derivative of its other claims. Dkt. # 1-1 ¶ 94. It is unclear to the court why plaintiff has alleged a separate declaratory claim where the declarations it seeks will necessarily be resolved through litigating its causes of actions. Practically speaking, this claim rises and falls with the other causes of action, and thus survives to the extent other claims survive dismissal.[3]

A plaintiff seeking a permanent injunction must demonstrate that (1) it has suffered an irreparable injury, (2) remedies available at law are inadequate to compensate for that injury, (3) considering the balance of the hardships between plaintiff and defendant, a remedy in equity is warranted, and (4) public interest would not be disserved by a permanent injunction. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 130 S.Ct. 2743, 2756 (2010).

---

[3] Defendant cites *Francom v. Costco Wholesale Corp.*, 98 Wn. App. 845, 865 (2000) for the proposition that duplicative claims should be dismissed. However, the principal relied upon by *Francom* is the principal that "the law will not permit a double recovery" and that "a plaintiff will not be permitted to be compensated twice for the same emotional injuries." *Id.* at 864. There is no threat of double recovery with a declaratory claim.

1     Defendant argues that plaintiff has failed to allege irreparable injury. Dkt. # 7 at 9.
2 The court agrees. Plaintiff has not plausibly alleged any facts demonstrating that
3 remedies available at law, such as the monetary damages that it seeks, are inadequate to
4 compensate for its injuries. Accordingly, the court GRANTS defendant's motion to
5 dismiss plaintiff's claim for an injunction "from further engaging in the misbehavior
6 described in the complaint." Dkt. # 1-1 ¶ 95.

## IV. CONCLUSION

    For all the foregoing reasons, the court GRANTS in part and DENIES in part defendant's motion. Plaintiff may file a first amended complaint no later than June 13, 2014.

    Dated this 22nd day of May, 2014.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge